[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Michael Guarco, appeals from the final decision of the defendant Department of Public Health ("the department") imposing civil penalties for failure to comply with water testing requirements applicable to "water companies," as defined in General Statutes § 25-32a, during the period from January 1, 2000 to December 31, 2000.[1] The plaintiff owns a well that supplies water to a day care facility that he operates. The plaintiff claims that he is not subject to water company testing requirements because the children and staff at the day care facility do not drink the water that his well supplies and because the plaintiff complies with separate water testing requirements applicable to day care facilities. In Guarco v. Department of Public Health, Superior Court, judicial district of New Britain, No. 504932 (Nov. 9, 2001) ("GuarcoI"), this court rejected these arguments in the plaintiff's appeal from the department's orders for the plaintiff to comply with separate testing requirements covering the period from October 31, 1999 to June 30, 2000. The court held that the plaintiff operates a "water company" even though no one at the facility drinks the water and that the plaintiff is subject to both the day care and the water company testing requirements because it operates both. The court adheres to this decision today. The court addresses only several new claims not raised by the plaintiff in GuarcoI.[2]
DISCUSSION
 I
The plaintiff's first new claim is that the hearing officer erroneously applied the doctrines of res judicata and collateral estoppel in determining that she was bound by the decision of the hearing officer inGuarco I, even though that decision was on appeal. The plaintiff cites no authority prohibiting an administrative hearing officer from relying on res judicata or collateral estoppel in these circumstances, thus essentially abandoning this claim by failing to brief it properly. SeeMerchant v. State Ethics Commission, 53 Conn. App. 808, 818, 733 A.2d 787
(1999). See also Convalescent Center of Bloomfield, Inc. v. Department ofIncome Maintenance, 208 Conn. 187, 195-202, 544 A.2d 604 (1988) (administrative adjudications have preclusive effect when there is an adequate opportunity to litigate and obtain judicial review). In any event, the hearing officer in this case stated that she reached an independent decision that the plaintiff operates a "water company" without reliance on the hearing officer's decision in Guarco I or the doctrine of res judicata. (Return of Record ("ROR"), Vol. 1, pp. 9-10.)[3]
Further, even assuming that the hearing officer in this case erroneously relied on the findings and conclusions of the hearing officer CT Page 2129 in Guarco I, the plaintiff cannot show any prejudice or harm, which is required for him to prevail. See General Statutes § 4-183 (j).[4]
Although the plaintiff's briefs are not clear, it appears that the plaintiff claims that the hearing officer in this case ignored evidence that no one at the facility drinks the water and instead merely adopted the hearing officer's decision in Guarco I that had not made this finding. This claim does not advance the plaintiff's cause. In Guarco I, this court held that the plaintiff operates a water company, even assuming plaintiff's factual contention that no one at his facility drinks the water. Because the court has assumed the facts that the plaintiff apparently contends the hearing officer in this case ignored, this case stands in the precise posture that the plaintiff presumably contends it should have if the hearing officer in this case had heard the case independently. Accordingly, the plaintiff's claim that he was prejudiced because the hearing officer adopted the decision in Guarco I
must fail.
 II
The plaintiff's second new claim is that, under General Statutes §16-41 (e), the department lacked authority to impose civil penalties while the appeal in Guarco I was pending. There is no merit to this claim. First, as the hearing officer properly found, § 16-41 applies to the Department of Public Utility Control, not the Department of Public Health. (ROR, Vol. I, p. 10.)[5] Further, subsection (e) says nothing about the stay of civil penalty proceedings due to the pendency of an appeal of an earlier civil penalty order of the DPUC or any other agency. Subsection (e) provides only that civil penalties are due and payable at the time of the receipt of the DPUC final order assessing the final penalty, without reference to any prior judicial decision on appeal. Independent of the statute, the plaintiff's position is that the department cannot impose sanctions for new violations merely because the plaintiff has chosen to appeal prior sanctions. Such a position, which would let the plaintiff decide whether he has to comply with state law, is untenable.[6]
 III
The plaintiff's final new claim is that the department's actions violate the equal protection clause of the state and federal constitutions. Despite being afforded the opportunity to file a reply brief, the plaintiff cites no cases, provides no analysis, and points to no evidence in the record that he is being treated differently than any other similarly situated entity. Under these circumstances, the court finds that the plaintiff has abandoned the claim by failing to brief it properly. See Milner v. Commissioner of Correction, 63 Conn. App. 726, 739
CT Page 2130 n. 7, 779 A.2d 156 (2001); Merchant v. State Ethics Commission, supra,53 Conn. App. 818.
CONCLUSION
The plaintiff having failed to sustain the grounds for his appeal, the appeal is dismissed.
 ___________________ Carl J. Schuman Judge, Superior Court